UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

**GARY GLENN PETERSON,**

   Movant,

v.

**UNITED STATES OF AMERICA,**

   Respondent.

No. 1:21-cv-0210-P
(No. 1:19-cr-0020-P)

## OPINION AND ORDER

Before the Court is the motion of Gary Glenn Peterson, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. ECF No. 4. Having reviewed the motion, the government's response, the reply, the record, including the record in the underlying criminal case, and applicable authorities, the Court **DENIES** the motion.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On February 13, 2019, Movant was named in a one-count indictment charging him with attempted enticement of a child, in violation of 18 U.S.C. § 2422(b). CR ECF No. 1. Movant entered a plea of not guilty. CR ECF No. 14. Movant was represented by three retained attorneys, Edwin Gerald Morris (CR ECF No. 8), Angelica Cogliano (CR ECF No. 44), and Addy Maldonado Miro (CR ECF No. 46). He was tried by a jury and convicted. CR ECF No. 53.

The probation officer prepared the presentence report, which reflected that Movant's advisory guideline range was 121 to 151 months. CR ECF No. 60, ¶ 92. The Court sentenced Movant to a term of imprisonment of 240 months, an upward variance based on the seriousness of the crime and Movant's extensive criminal background. CR ECF Nos. 76, 85. He appealed. CR ECF No. 78. His conviction and

sentence were affirmed. *United States v. Peterson*, 977 F.3d 381 (5th Cir. 2020).

## GROUNDS OF THE MOTION

Movant asserts five grounds in support of his motion. He alleges that he received ineffective assistance of counsel because Morris[1] failed: (1) to argue the constitutionality of § 2422(b) and TX Code § 22.011(a)(2), (2) to file a motion to suppress, (3) to prepare him for testimony and to allow him to testify at trial, and (4) to advise him to accept a plea. He alleges in his fifth ground that "§ 2422(b) is not enforcable [sic] nationwide by the Executive Branch." ECF No. 4 at 7–8.

## LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United*

---

[1] The allegations all pertain to the conduct of Morris. He does not mention the other attorneys he retained. ECF Nos. 1 & 4.

*States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### ANALYSIS

In his first ground, Movant alleges that Morris was ineffective in failing to challenge the constitutionality of 18 U.S.C. § 2422(b) and Texas Penal Code § 22.011(a)(2). He contends that § 2422(b) is both overbroad and vague. ECF No. 1 at 3. However, these arguments have been rejected by the Fifth Circuit. *United States v. Howard*, 766 F.3d 414, 429 (5th Cir. 2014). Likewise, Texas has rejected the argument Movant makes that Penal Code § 22.011(a)(2) is unconstitutional based on the lack of a *mens rea* requirement. *Byrne v. State*, 358 S.W.3d 745,

3

752 (Tex. App.—San Antonio 2011, no pet.). Morris was not ineffective for failing to raise meritless arguments. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

In his second ground, Movant alleges that Morris was ineffective in failing to file a motion to suppress statements of his stepdaughters that he sexually abused them and reports about an incident at the Mall of Abilene in which a teenage girl reported that an older man had harassed her, later identifying Movant as the man. ECF No. 4 at 7. Movant alleges that Morris told him before trial that if he testified at trial, the government intended to raise these incidents to impeach him. ECF No. 1 at 7. Movant contends that he asked Morris to file a motion to suppress "these false accusations." *Id.* Conclusory allegations regarding failure to file a motion to suppress are not enough. *United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). To prevail, Movant must show that such a motion would have been granted and would have affected the outcome. *Id.*; *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). In addition, he must show that he was denied a fair trial by the gross incompetence of his attorney in this regard. *See Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). Movant has not done so, simply arguing that he, rather than his various accusers, should be believed. ECF No. 10 at 3–4.

In his reply, Movant attempts to raise a new issue, that he was prejudiced at sentencing as a result of the mall incident and another report by a woman that Movant had harassed her. ECF No. 10 at 4. The Court does not consider new issues raised for the first time in a reply. In any event, even if the incidents might have been subject to suppression or limine at trial, the Court could have considered them at sentencing, as it did. *United States v. Youngblood*, 576 F. App'x 403, 409 (5th Cir. 2014). And, the Fifth Circuit determined that such consideration was proper. *Peterson*, 977 F.3d at 394–97. The issue cannot be raised here. *Moore*, 598 F.2d at 441.

In his third ground, Movant alleges that Morris was ineffective in failing to prepare him and failing to allow him to testify at trial. ECF No. 4 at 7; ECF No. 1 at 8–9. Morris has responded with an affidavit explaining his conversations with Movant and the reasons for advising

4

him not to testify. ECF No. 9. Movant does not dispute Morris's recollection of their conversations. Rather, he maintains that this "old school thinking" hampered his defense. ECF No. 10 at 5. He has not shown, however, that Morris's advice was outside the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687. Clearly, had Movant testified, he would have been easily impeached. *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). He has not shown that counsel's errors were so serious as to deprive him of a fair trial and reliable result. *Id.*

In his fourth ground, Movant alleges that Morris was ineffective in advising him not to accept a 10-year plea agreement. ECF No. 4 at 8; ECF No. 1 at 10–11. In his reply, he adds that if he would have "accepted the plea deal of 10-years, the government would have recommended the Court accept that agreement without any enhancements." ECF No. 10 at 6. The latter allegation is wholly unsupported. As Morris explains, pleading guilty would not have made much difference because the statutory minimum sentence was ten years. Movant's guideline range without acceptance of responsibility was 121 to 151 months; with acceptance of responsibility, it would have been 120 months. In any event, Movant was always adamant that he was not guilty and wanted to go to trial. ECF No. 9 at 4. Whether Movant pleaded guilty or not, he was always subject to a higher sentence due to his extensive criminal history. He cannot show that he would have received a more favorable sentence had he pleaded guilty. Thus, he has not shown that he was prejudiced by Morris's conduct.

In his fifth ground, Movant alleges that § 2422(b) is not enforceable nationwide by the Executive Branch. ECF No. 4 at 8; ECF No. 1 at 11–14. This ground should have been raised on appeal and cannot be pursued here. *Shaid*, 937 F.2d at 232. Movant has failed to show cause and prejudice. *Id.* But, in any event, use of a cell phone is sufficient to invoke the Commerce Clause. *United States v. Rodriguez-Cruz*, 681 F. App'x 312, 313 (5th Cir. 2017). This ground is without merit.

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

5

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **6th day** of **October 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE